## Keehn v. Granite Run, Inc.

*David T. Sykes*, for plaintiff.
*Stephen H. Palmer*, for defendants.

deFURIA, *J.*, January 26, 1976—Defendants' preliminary objections to a complaint in both assumpsit and trespass are in the nature of a demurrer and seek a more specific pleading as to the allegations of fraud and conspiracy.

The complaint alleges Granite Run, Inc., as lessor, entered into a lease with defendant, Brandywine Motor Inn Corporation, and that paragraph 14 of said lease provided as follows:

"The rentals hereunder shall be paid to Arnold H. Keehn, real estate broker, of Philadelphia,

Pennsylvania, agent for lessor who shall deduct therefrom five percent (5%) of said rental as his commission for negotiating this lease and remit the balance thereof to lessor. In the event that said premises are sold by lessor during the term of this lease, the said agency shall, upon such sale, automatically cease and determine; provided, however, that if lessee shall exercise its option to purchase said premises under the terms hereof, lessor shall pay to the said agent, a commission of five percent (5%) of the sale price for his services in connection with said sale and settlement thereof.'' (The stated consideration was $135,000.)

On December 30, 1972, Granite Run, Inc., sold and conveyed the property which was the subject of said lease to defendant, The Holiday Company, a third party, for a consideration of $60,000, thereby terminating plaintiff's rental commission as well as his right to a commission on the sale of the property.

The complaint alleges ownership of 656.34 shares of Brandywine Motor Inn Corporation and the controlling interest in defendants, Paul Restall and Paul J. McNamara, and alleges defendants, Restall and McNamara, as partners, own a collective interest in The Holiday Company of 65 percent, and a substantial identity of interest in both entities as well as exercising the controlling force in the affairs of Brandywine Motor Inn Corporation.

Plaintiff would be entitled to a commission on the sale of the leased premises if the lessee, Brandywine Motor Inn Corporation, purchased the property.

The complaint avers that Granite Run, Inc., Brandywine Motor Inn Corporation and The Holiday Company principally through Paul Restall, conspired to transfer the property at less than the

stated consideration in the lease agreement to The Holiday Company, a partnership, solely to deprive plaintiff of a sales commission, and that by virtue of the conveyance plaintiff was deprived of rental and sales commissions.

The allegations in the complaint relating to plaintiff's right to earn commissions by virtue of the lease are the basis for the claim in assumpsit. Plaintiff claims a right to recover from all the defendants in assumpsit. There is no allegation in the complaint as to how or why any defendant, other than Granite Run, Inc., should be liable for the alleged breach of contract.

If a right of action in assumpsit exists, then on the facts before us, that right exists only against Granite Run, Inc., the lessor, which was solely obligated under the lease to pay plaintiff rental and sales commissions.

The claim in trespass alleges a conspiracy and sounds in fraud. Three paragraphs, 18, 19 and 27, allege that Granite Run, Inc., Brandywine Motor Inn Corporation and The Holiday Company, principally through defendant, Paul Restall, conspired to deprive plaintiff of his full sales commission and of the rental commission, by transferring title from Granite Run, Inc. to The Holiday Company, a partnership, for less than the stated consideration, $135,000, in the lease. If the sale had been for the stated consideration or more, plaintiff would have been entitled to commissions. It is further averred that the fair market value was over $200,000, and the property was "sold" to Holiday for $60,000.

Pa.R.C.P. 1019(b) requires that averments of fraud be made with particularity. While the word "conspired" is conclusionary, some allegation of fraud or deceit must be made. The real issue is

whether facts to sustain the fraud averment have been alleged.

Plaintiff has alleged interlocking interests by defendants in the three defendant entities; a sale by the lessor-corporation, controlled by two of the individual defendants, to a third entity, also controlled by the two individual defendants. Further, the nonobjecting lessee-corporation is also controlled by the two individual defendants. Finally, the terms of the lease giving plaintiff rental and sale commission rights are spelled out, as well as a sale below market value and the stated lease consideration.

These facts support the charge of conspiracy and fraud. Fraud or conspiracy is rarely susceptible of direct proof, and the true relation of the parties and the inference of fraud may arise from the attendant circumstances. See 1 Henry, Pa. Evid. §§15, 16.

In the pleading stage, enough has been averred for defendants to understand the claim against them and to prepare the defense. At trial, the trial judge must determine if plaintiff has shown by clear and convincing evidence sufficient facts from which the jury may reasonably infer fraud. If so, the issue must be submitted to the jury.

Wherefore, we enter the following

### ORDER

And now, January 26, 1976, defendants' preliminary objections in the nature of a demurrer to Counts One and Three of the complaint in assumpsit are sustained as to all defendants except Granite Run, Inc., and defendants' preliminary objections in the nature of a demurrer to Counts Two and Four of the complaint are overruled, as are defendants' preliminary objections seeking more specific pleadings.